JONES v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1909.)

MASTER AND SERVANT (§ 284*)—INJURIES TO SERVANT—LOANING SERVANTS TO
    CONTRACTOR—QUESTION· FOR JURY.
    A railroad construction contract provided that the contractors should
    furnish cars for handling materials, and the railroad company should
    funish the locomotive and train crew to haul the same, but that the crew
    while in such service should be considered as the contractors' employés.
    Plaintiff, who was the general servant of the railroad company, was
    assigned to duty as conductor of the work train without notice that he
    was to be regarded as a servant of the contractors, and was injured by the
    negligence of its engineer.   The train was not under the absolute control
    of the contractors; its operation and protection while on the main tracks
    being under defendant's control, and, on the occasion when plaintiff was
    injured, he had been given verbal directions by defendant as to what to do,
    and how to protect the train and tracks.   *Held*, that plaintiff and the
    engineer at the time in question were not the servants of the contractors
    as a matter of law.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 284.*]

Appeal from Trial Term, Onondaga County.

Action by Grant J. Jones against the New York, Central & Hudson River Railroad Company.   From a judgment of nonsuit after verdict for plaintiff, he appeals.   Reversed and remanded.

See, also, 61 Misc. Rep. 139, 114 N. Y. Supp. 756.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Welch, Parsons & Stone, for appellant.

Hiscock, Doheny, Williams & Cowie, for respondent.

WILLIAMS, J.   The judgment should be reversed and a new trial granted, with costs to appellant to abide event.

The action was for negligence.   The plaintiff was a conductor on a work train in the general employ of the defendant.   At the time of the accident the train was engaged in hauling materials excavated in construction work to a dumping place.   The plaintiff as conductor had charge of the train, and it was moved under his direction.   He was standing upon the platform of a dumping car, and the train was backing up at about eight miles an hour.   The engineer, without any signal or direction from the conductor, suddenly stopped the train, threw plaintiff off, and one of the wheels of the car passed over his arm.   This was claimed as negligence on the part of the engineer, and a recovery was had therefor under the provisions of the employer's liability act (Laws 1902, p. 1748, c. 600).   Among other things the defendant claimed these men, the engineer and conductor, were not at the time of the accident the employés of the defendant.   The construction work was being done by contractors, and by the terms of the agreement it was provided that the contractors should furnish the cars for handling the materials excavated, and the defendant should furnish the locomotive and train crew to haul the same, that such train crew while in such service should be considered as the contractors' employés, and therefore the defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

could not be held liable under the employer's liability act for the alleged negligence of the engineer. The court, among other things, submitted to the jury the question, as one of fact, whether these men were the employés of the defendant or the contractors. The jury found they were defendant's employés. The court granted the nonsuit solely upon the ground that there was no evidence authorizing the jury to find the conductor and engineer were employés of the defendant so as to enable the action to be maintained under the employer's liability act. It refused to consider the question as to whether the verdict was contrary to the evidence or the damages were excessive. An opinion written by the court is found in the record, but it is devoted entirely to considering the question of practice under section 1187, Code Civ. Proc., and does not refer to the ground upon which the nonsuit was granted.

It is claimed by the defendant that, under the terms of the agreement, the engine and crew of the train in question were in effect hired out by the defendant to the contractors, and in the special employment of hauling and dumping the excavated materials, and returning with the empty train, these men were under the special direction and control of the contractors. I do not think this can be said as a matter of law. I think the question was very properly submitted to the jury as matter of fact for their determination. There is little evidence tending to support defendant's contention aside from the clause in the contract that, while in the contractors' service, the train crew shall be considered as their employés. It is not claimed the plaintiff had any knowledge of this provision in the contract, and his relations to the defendant could hardly be affected by a secret provision in a contract between his general employer and a third party. The train was not under the absolute control of the contractors under the various provisions of the contract even. Control thereof was largely retained by the defendant. It was not used to take the cars of materials from the place of excavation to the dumping place. Another train was used to take the cars to the end of the switch next the main track, and the train in question then took the loaded cars to the dumping place, and returned the empty cars to the switch again. The manner of protecting and operating this train and the main tracks was under the control of the defendant by the terms of the contract and the verbal directions of the defendant and the actual operation of the train. On this occasion the conductor was told to go and do this work, how to do it, and how to protect the train and tracks. There was very little that the contractors had the direction of. Even the place where the materials were to be dumped was directed by the defendant and its employés. The train was run over defendant's tracks, not those of the contractors, etc.

I have carefully examined the late cases decided by the Court of Appeals cited by the respective counsel. In all of these the facts were distinguishable from those in this case, and I think none of them are controlling in the determination of this case. In the latest one—Sexton, Adm'r, v. N. Y. C. & H. R. R. R. Co., 114 App. Div. 678, 99 N. Y. Supp. 1111; Id., 189 N. Y. 518, 81 N. E. 1175—all the cases are considered. I need not discuss them in detail here. I think the trial court in regarding the question as one of fact for the jury

was quite as favorable to the defendant as it should have been. The verdict of the jury upon this question should not have been disregarded, and a nonsuit granted.

The judgment based upon such order must therefore be reversed, but under the circumstances we think we should not restore the verdict and direct a judgment thereon in favor of plaintiff. Especially as the trial justice did not pass upon the question of the weight of evidence upon the other question in the case.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.